## Commonwealth v. McNear, Appellant.

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel,* Assistant Defender, and *Benjamin Lerner,* Defender, for appellant.

*David Fabe Michelman, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., December 22, 1975:

On the night of November 7, 1974, appellant in the company of two other men was walking down Wharton Street in Philadelphia at a rapid pace. Officer Hanratty who was riding in an unmarked police car stopped and got out of the car. Upon seeing the police officer, the appellant dropped a gun from his hand to the street in front of a parked car and walked away from it. Officer Hanratty apprehended the appellant and retrieved the gun. A check of the gun revealed that it was loaded and operable and from the serial number it was learned that it had been stolen in the preceding month of October.

Appellant was convicted of possessing an instrument of crime.[1] He filed this direct appeal claiming that a loaded pistol in operable condition is not an instrument of crime, arguing that a pistol is a weapon and that the Legislature never intended a weapon to be an instrument of crime.

---

1. Appellant was charged also with receiving stolen property, possessing a prohibited weapon and carrying an unlicensed firearm. After trials in the Municipal Court and in the Court of Common Pleas of Philadelphia County, appellant was adjudged guilty of but the single offense of possessing an instrument of crime. He was acquitted of the other charges.

The appellant wants us to twist plain English language so as to bring about a highly undesirable result. In resolving the issue raised by the appellant we are required to construe the language of legislative enactments according to their common and approved usage, Statutory Construction Act of November 25, 1970, P.L. 707, No. 230, added by Act of 1972, December 6, P.L. 1339, No. 290, §3, 1 Pa. C.S. §1903 (Appendix). A loaded pistol ready to be fired is clearly an instrument of crime. The appellant being caught in possession of such an instrument, the circumstances in which he was found carrying it in his hand in the public street at night time and his getting rid of it upon seeing the uniformed police officer constitute sufficient facts to support the trial judge's finding him guilty of possessing an instrument of crime.[2] There is no language in the Crimes Code excluding a loaded firearm or weapon from being an instrument of crime.

Order affirmed.

---

2. The pertinent provision of the Crimes Code reads as follows:

"907.  POSSESSING INSTRUMENTS OF CRIME
(a)  Criminal instruments generally.—A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally."

---

DISSENTING OPINION BY HOFFMAN, J.:

This appeal raises substantial issues concerning the interrelationship of §§907[1] and 908[2] of the Pennsylvania Crimes Code. Appellant was arrested for openly carrying a .22 caliber pistol and was subsequently convicted of violating §907(a) of the Crimes Code, which makes it unlawful to possess an instrument of crime. Appellant contends that his conviction was improper for two rea-

---

1.  Act of December 6, 1972, P.L. 1482, §1, 18 Pa. C.S. §907.

2.  Act of December 6, 1972, supra, 18 Pa. C. S. §908.

sons: first, because §907(a) does not apply to pistols, and second, because the evidence was insufficient to demonstrate an intent to employ criminally the pistol, a necessary element of the crime.[3]

On November 7, 1974, Officer James Hanratty, in uniform while riding in an unmarked car, observed three men walking down Wharton Street, Philadelphia, at a rapid pace. One of the three men, the appellant, was carrying a .22 caliber pistol in his right hand. As Officer Hanratty got out of his car, the appellant dropped the gun in front of a parked car and continued on his way. Officer Hanratty quickly apprehended the appellant and retrieved the gun. The police checked the serial number of the weapon and determined that it had been stolen in October, 1974.

Appellant was indicted on charges of receiving stolen property, possessing a prohibited offensive weapon, possessing an instrument of crime, and carrying an unlicensed firearm. At appellant's trial in Municipal Court on December 17, 1974, the court granted appellant's demurrer to the charge of receiving stolen property, but found appellant guilty of the three remaining charges. On December 26, 1974, appellant filed a writ of certiorari to the Court of Common Pleas of Philadelphia County. The Court of Common Pleas on certiorari reversed appellant's conviction for possessing a prohibited offensive weapon and carrying an unlicensed firearm, but affirmed appellant's conviction for possessing an instrument of crime. This appeal followed.

The arguments advanced by both the appellant and the appellee reflect confusion as to the purpose and applicability of §§907 and 908. I, therefore, find it necessary to determine the interrelationship of these sections. In order to determine the legislative intent as to the applicability of §§907 and 908, reference will be made both

---

3. Because I find that §907(a) does not apply to weapons, I need not reach the issue of the sufficiency of the evidence.

to the Model Penal Code[4] §§5.06 (upon which §907 is based) and 5.07 (upon which §908 is based), the joint comment to §§5.06 and 5.07,[5] and the Proposed Crimes Code for Pennsylvania[6] §§506 (presently §907) and 507 (presently §908).

I am mindful of our role in construing statutory provisions as recently set forth by our Supreme Court in *Commonwealth v. Pope*, 455 Pa. 384, 388-389, 317 A.2d 887, 889, (1974): "A court may not alter, under the guise of 'construction', the express language and intent of the Legislature. See, e.g., *Commonwealth v. Rieck Investment Corp.*, 419 Pa. 52, 213 A.2d 277 (1965) ; *Calvert Distillers Corp. v. Board of Finance & Revenue*, 376 Pa. 476, 103 A.2d 668 (1954) ; *Commonwealth v. One 1939 Cadillac Sedan*, 158 Pa. Superior Ct. 392, 45 A.2d 406 (1946). While it is true that penal statutes must be strictly construed, 1 Pa. S. §1928 (b) (1) (Special Pamphlet 1973), the principle of strict construction does not permit a court to delete a clear and specific crime from the criminal code. A statute must be construed, if possible, to give effect to all its provisions, making the entire statute effective and certain. Id. §§1921 (a), 1922 (2) ; see *Lynch v. Owen J. Roberts School District*, 430 Pa. 461, 244 A.2d 1 (1968) ; *Whitemarsh Township Authority v. Elwert*, 413 Pa. 329, 196 A.2d 843 (1964) ; *Sherwood v. Elgart*, 383 Pa. 110, 117 A.2d 899 (1955)."

## I. SCOPE OF §908

Appellant was convicted of violating §908 in the Municipal Court. The Court of Common Pleas, however, reversed this conviction. Although this decision is not

---

4. American Law Institute, Model Penal Code, Reprint of Proposed Official Draft (1962).

5. American Law Institute, Model Penal Code, Reprint of Tentative Drafts Nos. 11-13 (1960).

6. Proposed Crimes Code for Pennsylvania, Joint State Government Commission (1967).

directly before us, an examination of the proper application of §908 is essential to understand the scope of §907.

Section 908 of the Crimes Code is entitled "Prohibited offensive weapons". It reads, in part, as follows:

"§908. Prohibited offensive weapons

(a) Offense defined.—A person commits a misdemeanor of the first degree if, except as authorized by law, he makes repairs, sells, or otherwise deals in, uses, or possesses any offensive weapon . . . .

(c) Definition.—As used in this section 'offensive weapon' means any bomb, grenade, machine gun, sawed-off shotgun . . . or other implement for the infliction of serious bodily injury which serves no common lawful purpose."

Section 908 of the Crimes Code is derived from §5.07 of the Model Penal Code and encompasses offenses formerly contained in §§416,[7] 417,[8] 626[9] and 629[10] of the Penal Code of 1939. Jarvis, Pennsylvania Crimes Code and Criminal Law §908 at 13 (1974); Toll, Pennsylvania Crimes Code Annotated §908 at 274 (1974). The comment to §507 (presently §908) of the Proposed Crimes Code For Pennsylvania states: "This section broadens and consolidates the various existing provisions governing the dealing in or possession of offensive weapons." In *Commonwealth v. Ponds*, 236 Pa. Superior Ct. 107, 111, 345 A.2d 253, 255 (1975), we stated: "The class of weapons dealt with in §908 have no peaceful purpose, and their only conceivable use is for purposes which our society has found to be criminal. By enacting §908 the legislature has clearly stated that an 'implement for the

---

7. Act of June 24, 1939, P.L. 872, §416; April 4, 1956, P.L. (1955) 1383, §1, 18 P.S. §4416.

8. Act of June 24, 1939, supra, §417, 18 P.S. §4417.

9. Act of June 24, 1939, supra, §626, 18 P.S. §4626.

10. Act of June 24, 1939, supra, §629, 18 P.S. §4629.

infliction of serious bodily injury which serves no common lawful purpose' shall not be allowed to exist in our society."

The application of §908 is clear. Because the weapons prohibited in §908 have no common lawful purpose, possession in and of itself is enough to violate the section.[11] There is no requirement of concealment. The joint comment to §§5.06 and 5.07 of the Model Penal Code at 68 recognizes that revolvers have lawful purposes: "Other weapons like sporting rifles, shotguns and revolvers ... have peaceful as well as lethal potentialities. ... Not only must we take account of the desires of sportsmen, farmers, and dealers in hunting equipment, we must also recognize that revolvers and knives are frequently carried for defensive purposes." Because a revolver is not a weapon "which serves no common lawful purpose", appellant could not have been convicted of violating §908. The Court of Common Pleas, therefore, properly reversed appellant's conviction for violating §908.

## II. SCOPE OF §907(a)

Appellant was convicted of violating §907(a) in the Municipal Court, and the Court of Common Pleas affirmed. Section 907 reads, in part, as follows:

"§907. Possessing instruments of crime

(a) Criminal instruments generally.—A person commits a misdemeanor of the first degree if he possesses an instrument of crime with intent to employ it criminally.

---

11. But see §908(b) which provides: "It is a defense under this section for the defendant to prove by a preponderance of evidence that he possessed or dealt with the weapon solely as a curio or in a dramatic performance, or that he possessed it briefly in consequence of having found it or taken it from an aggressor, or under circumstances similarly negativing any intent or likelihood that the weapon would be used unlawfully."

(b) Possession of weapon.—A person commits a misdemeanor of the first degree if he possesses a firearm or other weapon concealed upon his person with intent to employ it criminally.

(c) Definitions.—As used in this section the following words and phrases shall have the meanings given to them in this subsection: ... 'Weapon.' Anything readily capable of lethal use and possessed under circumstances not manifestly appropriate for lawful uses which it may have...."

In order to understand the applicability of §907, I must confront the question of whether §907(a) applies to weapons. Section 907 is a combination of §§904[12] and 416 of the Penal Code of 1939, and is derived from §5.06 of the Model Penal Code. Jarvis, supra §907 at 11; Toll, supra §907 at 271-272. A comparison of §506 of the Proposed Crimes Code for Pennsylvania and §5.06 of the Model Penal Code with §907 demonstrates the limited scope of §907 intended by the legislature. Both §506 of the Proposed Crimes Code and §5.06 of the Model Penal Code read, in part, as follows:

"Criminal Instruments Generally. A person commits a misdemeanor ... if he possesses any instrument of crime with purpose to employ it criminally. Instrument of crime means:

(a) anything specially made or specially adapted for criminal use; or

(b) anything commonly used for criminal purposes and possessed by the actor under circumstances which do not negative unlawful purpose.

Presumption of Criminal Purpose from Possession of Weapon. If a person possesses a firearm or other weapon on or about his person, in a vehicle occupied by him, or otherwise readily available for use, it shall be presumed that he had the purpose to employ it criminally...."

---

12. Act of June 24, 1939, supra, §904, 18 P.S. §4904.

There being no separate subsection prohibiting the possession of a weapon, weapons were necessarily treated as instruments of crime.

Section 907 of the Crimes Code is significantly different in that it distinguishes between the possession of criminal instruments generally (§907(a)·) and the possession of weapons (§907(b)). The legislature evidently determined that weapons should not be included with other instruments of crime as was the case in both the Proposed Crimes Code for Pennsylvania and the Model Penal Code. Thus, §907(a) does not apply to weapons. Section 907(b), therefore, was specifically drafted to remove weapons from the general classification of instruments of crime. Thus, appellant who possessed a weapon, not an instrument of crime, could not be convicted of violating §907(a).[13]

---

13. Appellant could have been properly convicted only of violating §6108 of the Uniform Firearms Act. In discussing the issue of carrying a weapon openly, our Supreme Court in *Commonwealth v. Pope*, supra, at 387-388, 317 A.2d at 889, noted that "[i]n 1968, the General Assembly created two new crimes [§§628(e)(1) and 628(e)(2) of the Uniform Firearms Act] involving the carrying of weapons. It proscribed both the open and concealed carrying of all firearms, rifles, or shotguns during 'an emergency proclaimed by a municipal or governmental executive' anywhere in the Commonwealth or 'at any time upon the public streets or upon any public property in a city of the first class' . . . ." Section 628(e)(1) and 628(e)(2) have been reenacted in the new Crimes Code §§6107 and 6108 respectively. Our legislature, however, has determined that it is lawful to openly carry a weapon in every part of this Commonwealth where those two sections are inapplicable.

It is noteworthy that when the drafters of §5.06 of the Model Penal Code rejected the concealed weapons approach adopted by our legislature in §907 of the Crimes Code, they stated: "It has been argued in favor of the concealed weapons legislation that concealment manifests criminal or anti-social purpose. . . . Sometimes, it is said that the legislative intent is to require weapons to be carried openly so that others will realize the necessity of circumspect behavior to avoid dangerous encounters, and be better prepared to meet violent attack if it comes. However appropriate such a

I would reverse and order the appellant discharged.

CERCONE and SPAETH, JJ., join in this dissenting opinion.

---

rationale may have been under frontier conditions, it is clearly irrelevant to our society, which would probably be more averse to open display of weapons than to discreet possession." Comment to §5.06 Model Penal Code at 69.

I recognize that weapons in §907 have common lawful purposes. By enabling such weapons to be carried openly, however, the legislature has created a "loophole" for those desiring to use such weapons criminally. It is legal for the potential criminal to openly possess the weapon he will use to commit a crime, while it is illegal for him to conceal the same weapon. I urge the legislature to remedy this situation.