353 A.2d 452
COMMONWEALTH of Pennsylvania
v.
Robert ALLEN, Appellant.

COMMONWEALTH of Pennsylvania
v.
Bob ALLEN, a/k/a Robert Allen, Appellant.

Supreme Court of Pennsylvania.
Submitted Jan. 12, 1976.
Decided March 17, 1976.

Eugene H. Clarke, Jr., Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Robert Allen was convicted by a judge, sitting without a jury, of voluntary manslaughter, simple assault and possession of instruments of crime. The court imposed judgments of sentence of three to ten years in prison on the voluntary manslaughter count,

five years parole on the possession of instruments of crime count and five years parole on the simple assault count, the parole sentences to be served concurrently, consecutive to the manslaughter sentence. On this appeal,[1] appellant challenges both the sufficiency of the evidence to sustain the voluntary manslaughter conviction and the definition of "instruments of crime" implicitly used by the trial court. We affirm the judgments of sentence.

When an appellant challenges the sufficiency of the evidence to sustain a conviction, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Robson*, 461 Pa. 615, 337 A.2d 573 (1975). Viewing the evidence in this way, the Commonwealth established the following:

Appellant and decedent, the woman with whom he lived, returned to the apartment they occupied with her four children, embroiled in an argument. The argument continued in the apartment. When decedent went into the kitchen to place a telephone call, appellant followed her and frustrated the attempt by striking her. They returned to the livingroom. Appellant shouted that decedent and her children were taking advantage of him and went to a closet to obtain a pocket knife. Decedent's sons attempted to keep appellant and decedent apart but failed. Appellant swung the knife at decedent, she grabbed his arm, and they fell to the floor where appellant repeatedly swung the knife at decedent in an at-

---

1. We hear this appeal under authority of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1975) (voluntary manslaughter count) and id. § 503(c), 17 P.S. § 211.503(c) (possession of instruments of crime count, certified to this Court by the Superior Court).

tempt to stab her. There was no evidence that any of these blows struck decedent. Decedent's sons again attempted to separate them. One of the sons obtained a second knife and wounded appellant in the back. Appellant regained his feet and stabbed the son who had wounded him. This son fled into the hallway of the house, decedent followed him, and appellant pursued them both. In the hallway, the son saw appellant stab his mother in the chest. Two stab wounds of the thorax were the cause of death.

Pennsylvania defines voluntary manslaughter as:

"(a) . . . A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:

(1) The individual killed . . .."

Crimes Code, 18 Pa.C.S.A. § 2503 (1973). The facts proven by the Commonwealth are sufficient to make out voluntary manslaughter as defined.

Appellant claims that he acted in self-defense. This contention was rejected by the trier of fact. The Commonwealth's evidence was sufficient to disprove a claim of self-defense. Appellant was not only the first person to arm himself, he also had to pursue decedent into the hallway to strike the fatal blow.

Appellant was also convicted of possession of an instrument of crime. He now claims that "[t]his offense was not intended by the legislature to include weapons," because the legislature used the word "weapon" whenever it intended to include weapons. This crime is defined in the Crimes Code, 18 Pa.C.S.A. § 907 (1973), as follows:

"(a) Criminal instruments generally.—A person commits a misdemeanor of the first degree if he pos-

sesses any instrument of crime with intent to employ it criminally.

. . . . . . . .

"(c) Definitions.—As used in this section the following words and phrases shall have the meanings given to them in this subsection:

'Instrument of crime.'

(1) Anything specially made or specially adapted for criminal use; or

(2) anything commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." [2]

Appellant, to be guilty, must have possessed the pocket knife with the intent to employ it criminally, the pocket knife must have been a device "commonly used for criminal purposes," and his possession must have been "under circumstances not manifestly appropriate for lawful uses."

■ In the circumstances of this case, we believe that appellant did unlawfully possess an "instrument of crime." During the early stages of the argument in the livingroom and kitchen of the apartment, appellant was unarmed. When the argument moved back into the livingroom, however, appellant deliberately took steps to arm himself. We believe that the process of arming himself during the course of a violent domestic quarrel demonstrates that appellant's possession of the knife was "under circumstances not manifestly appropriate for lawful uses." Moreover, his immediate attack on decedent demonstrates that he possessed the knife with the requisite unlawful intent. Finally, we are unable to con-

2. The statute was taken from the American Law Institute's Model Penal Code.

clude, as appellant urges, that a knife may not properly be termed a device "commonly used for criminal purposes." See American Law Institute, Model Penal Code § 5.06, Comment (Tent. Draft 13, 1961)

Judgments of sentence affirmed.

NIX, J., concurs in the result.