371 A.2d 941

COMMONWEALTH of Pennsylvania

v.

Lynn McHARRIS, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided March 31, 1977.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that he should be discharged because the Commonwealth failed to establish all of the elements of the offenses charged. We agree and, therefore, order appellant discharged.

On November 27, 1975, at 10:30 a. m., two uniformed police officers and two plainclothes detectives arrived at appellant's home in Philadelphia. They knocked at the door and appellant opened it. A detective told appellant that he would like to ask appellant some questions about a crime that had occurred two weeks earlier. Appellant invited the officers into the house. While inside the house, the detective asked appellant if he would accompany the officers to the police administration building and answer the questions at that location. Appellant agreed to do so. Because appellant was attired only in a pair of trousers, the detective asked him if he would like to get dressed. Appellant, followed by one of the officers, ascended to the third floor of the house to finish dressing. Appellant entered a bedroom, picked up his wallet from the nightstand, put on a shirt that was hanging on the back of the doorknob inside the room, and sat down on

the single bed to put on his shoes and socks that were on the floor next to the bed. The officer testified that as appellant reached down to pick up a sock, he (the officer) noticed a .38 caliber Smith & Wesson revolver located approximately two feet from appellant's right hand. The officer stated he retrieved the gun, examined it, and discovered that it contained five live shells. The officer arrested appellant and charged him with possessing a prohibited offensive weapon,[1] possessing an instrument of crime,[2] and former convict not to own a firearm.[3]

On January 12, 1976, the Municipal Court of Philadelphia denied appellant's motion to suppress evidence and thereafter the court found appellant guilty of possessing an instrument of crime and possessing a prohibited offensive weapon.[4] The court sentenced appellant to two years probation on each charge; the probation terms were to run concurrently. Appellant filed a petition for a writ of certiorari to the court of common pleas. The lower court denied the petition on March 11, 1976. On March 24, 1976, a writ of certiorari issued from our Court to the court of common pleas.[5]

Appellant contends that a revolver is not an offensive weapon within the meaning of § 908. Section 908, prohibiting offensive weapons, defines the offense as follows: "(a) *Offense defined*—A person commits a misdemeanor of the first degree if, except as authorized by law, he makes repairs, sells, or otherwise deals in, uses, or possesses any offensive weapon. . . .

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 908.
2. The Crimes Code, supra; 18 Pa.C.S. § 907.
3. The Crimes Code, supra; 18 Pa.C.S. § 6105.
4. The Commonwealth withdrew the charge of a violation of 18 Pa.C.S. § 6105.
5. As we noted in *Commonwealth v. Poindexter*, Pa.Super. 375 A.2d 384 (1977), in footnote 2, the courts of common pleas retain the power to issue writs of certiorari to the Philadelphia Municipal Court on non-summary criminal cases.

(c) *Definition*—As used in this section 'offensive weapon' means any bomb, grenade, machine gun, sawed-off shotgun, firearm specially made or specially adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, or other implement for the infliction of serious bodily injury which serves no common lawful purpose."

It is clear that a revolver is not specifically enumerated as an example of an offensive weapon. Therefore, in order to fall within the prohibition of § 908, the revolver must be an "implement for the infliction of serious bodily injury which serves no common lawful purpose." Our Court has held that this section of the Crimes Code was meant to prohibit the free circulation of a specific class of weapons which have no peaceful purpose and have no conceivable use except for purposes which our society has found to be criminal. See *Commonwealth v. Ponds*, 236 Pa.Super. 107, 345 A.2d 253 (1975).

 "The application of § 908 is clear. Because the weapons prohibited in § 908 have no common lawful purpose, possession in and of itself is enough to violate the section.* There is no requirement of concealment. The joint comment to §§ 5.06 and 5.07 of the Model Penal Code at 68 recognizes that revolvers have lawful purposes: 'Other weapons like sporting rifles, shotguns and revolvers . . . have peaceful as well as lethal potentialities. . . . Not only must we take account of the desires of sportsmen, farmers, and dealers in hunting

---

* (footnote 11 in the original) "But see § 908(b) which provides:

"It is a defense under this section for the defendant to prove by a preponderance of evidence that he possessed or dealt with the weapon solely as a curio or in a dramatic performance, or that he possessed it briefly in consequence of having found it or taken it from an aggressor, or under circumstances similarly negativing any intent or likelihood that the weapon would be used unlawfully."

equipment, we must also recognize that revolvers and knives are frequently carried for defensive purposes.' " *Commonwealth v. McNear,* 238 Pa.Super. 177, 353 A.2d 39 (1975) (Dissenting Opinion by HOFFMAN, J.). Therefore, a revolver is not a weapon "which serves no common lawful purpose" and appellant could not have been convicted of violating § 908.

Appellant also contends that his conviction of violating 18 Pa.C.S. § 907 must be reversed because the Commonwealth failed to prove all of the elements of the crime. More specifically, he alleges that under § 907(a) there was no proof of intent to employ the gun criminally, and under § 907(b) there was no proof of intent or concealment.[6]

Section 907 provides in part as follows: "(a) *Criminal instruments generally*—A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally. (b) *Possession of weapon*—A person commits a misdemeanor of the first degree if he possesses a firearm or other weapon concealed upon his person with intent to employ it criminally. (c) *Definitions*—As used in this section the following words and phrases shall have the meanings given to them in this subsection: . . . *'Weapon.'* Anything readily capable of lethal use and possessed under circumstances not manifestly appropriate for lawful uses which it may have. . . . "

Assuming that § 907(a) applies to weapons,[7] the Commonwealth must prove that appellant intended to use the gun criminally in order to convict him of violating this section.

---

6. The municipal court did not indicate which section of 907 it found appellant guilty of violating.

7. See *Commonwealth v. McNear,* 238 Pa.Super. 177, 353 A.2d 39 (1975) (Dissenting Opinion by HOFFMAN, J.).

■ In order to determine whether appellant intended to employ the gun criminally, we must look to the facts and circumstances surrounding the possession of the gun. *Commonwealth v. McNear*, 238 Pa.Super. 177, 353 A.2d 39 (1975) ; see also *Commonwealth v. Gatto*, 236 Pa.Super. 92, 344 A.2d 566 (1975) ; *Commonwealth v. Stanley*, 453 Pa. 467, 309 A.2d 408 (1973). Viewing the evidence in the light most favorable to the Commonwealth, *Commonwealth v. Leonhard*, 245 Pa.Super. 116, 369 A.2d 320 (1976), it is clear that intent was not proved. Appellant was in his own home, and was merely getting dressed at the time of the alleged offense. The gun was not on appellant's person and appellant did not make any attempt to reach for the gun. Appellant made no motion or statement that indicated any intent whatsoever to use the gun. The mere possession of a weapon in one's own home does not lead to any inference that appellant intended to use the gun criminally. As we noted in our discussion of § 980, *supra*, revolvers do have a variety of peaceful purposes. Appellant may have possessed the revolver for any one of a number of lawful purposes. Therefore, because there was absolutely no evidence of intent to use the gun criminally, the court could not have convicted appellant of a violation of § 907(a).

■ Under § 907(b) the Commonwealth must prove intent to employ the weapon criminally and concealment of the weapon on the person of the prepetrator. As we have previously discussed, the Commonwealth failed to prove that appellant possessed the requisite intent to use the gun criminally. Moreover, appellant did not have the weapon concealed upon his person; the gun was on the floor of the room. Thus, the Commonwealth failed to prove the elements required to establish a violation of § 907(b).[8]

8. Appellant also raises the following issues: (1) the warrantless seizure of the gun violated his fourth amendment rights; (2) § 907(a) and § 907(b) are mutually exclusive; (3) appellant's multiple convictions for violation of §§ 907 and 908 are barred by § 906. We do not reach these issues.

Judgment of sentence reversed and appellant is discharged.

WATKINS, President Judge, and PRICE, J., dissent.