408 A.2d 1155

**COMMONWEALTH of Pennsylvania**

v.

**George SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted July 10, 1979.

Filed Aug. 31, 1979.

Eugene H. Clarke, Jr., Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

PER CURIAM:

George Smith, Jr. was tried nonjury and found guilty of murder in the third degree and possession of an instrument

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

of crime. Post trial motions were denied, and sentences of imprisonment were imposed. The matter is before this Court on direct appeal.

■ Appellant's first contention is that the trial court erred in denying his demurrer to the Commonwealth's evidence. The defendant, however, did not rest following this adverse ruling but elected to offer evidence in defense. The correctness of the trial court's ruling on his demurrer, therefore, is no longer an available issue. *Commonwealth v. Dussinger*, 478 Pa. 182, 386 A.2d 500 (1978); *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976). Nevertheless, we will treat the question as one requiring review of all the evidence to determine its sufficiency to support the findings of the trial court.

Viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, as we are required to do, the following fact pattern emerges. Appellant lived with his paramour, Jerri Coleman, and the latter's children and cousin, James Penn, Jr. On August 25, 1976, appellant and Ms. Coleman engaged in an argument about finances, which resulted in appellant's demand that Penn move out of the house. Penn went upstairs to pack, only to be followed by appellant and Ms. Coleman. Appellant told Penn to pack faster and said that "he had something to move him faster with." He thereupon drew a knife from his pocket, pushed the decedent, and then stabbed Penn in the chest. Holding Penn by the shoulder, appellant then repeated several times: "I will kill you." He also threatened to kill Ms. Coleman. When Penn collapsed on the floor, appellant left the house.

Appellant went to the home of Ida Jackson and her daughter, Alice. There he changed his bloodied shirt and stated that he thought he had killed the decedent. When he heard approaching police sirens, he deposited his hat and knife in a trash can. He was apprehended at the Jackson home shortly thereafter.

Malice may be inferred from the use of a deadly weapon upon a vital part of another's body. *Commonwealth v. Carter*, 481 Pa. 494, 393 A.2d 13 (1978); *Commonwealth v. Jackson*, 481 Pa. 426, 392 A.2d 1366 (1978). In the instant case, appellant, while urging Penn to leave the house quickly, drew a knife from his pocket and stabbed Penn in the chest, approximately six to eight inches above the stomach. This was sufficient to support the fact finder's conclusion that the killing was committed with malice and, therefore, constituted murder of the third degree.

Appellant also argues that the Commonwealth's evidence failed to establish that the knife used to kill Penn was an instrument of crime. A similar argument was made and rejected by the Supreme Court in *Commonwealth v. Allen*, 466 Pa. 474, 353 A.2d 452 (1976). When appellant deliberately took steps to arm himself with a knife during a domestic quarrel, possession of the knife was "under circumstances not manifestly appropriate for lawful uses." See: 18 Pa. C.S. § 907(c). Since the knife was a device commonly used for criminal purposes, the Commonwealth's evidence disclosed an instrument of crime possessed by appellant with an intent to employ it criminally. This was a violation of Section 907(a) of the "Crimes Code", 18 Pa.C.S. § 907(a).

The judgments of sentence are affirmed.