416 A.2d 533

**COMMONWEALTH of Pennsylvania**

v.

**Paul V. HARM, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Filed Dec. 7, 1979.

432

Arthur R. Shuman, Jr., Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth/appellee.

Before VAN der VOORT, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Appellant was convicted of Involuntary Manslaughter and Possession of a Prohibited Offensive Weapon.  Following

post verdict motions,[1] he was placed on concurrent terms of five years probation for each offense, and conditioned on appellant's performing a year of alternative service to the community. At this time, he has completed his year of alternative sentence and remains on probation.

The facts of this appeal are as follows:

On April 18, 1976, the defendant and the deceased, his friend Robert Weir, were visiting the home of John Martyn, and were later joined by Father Charles Siegele. All were drinking and generally partying. In the course of the evening, Harm pulled the "detective's special" revolver he carried as a probation officer and waved it around. As he left as a passenger in Weir's tow truck, he fired the gun off into the air. On the trip home, a shot was fired, the truck crashed into a utility pole, and Weir was dead from a bullet in the head. Harm left the truck but later returned to turn off the lights and ignition. The gun was found in an adjacent cemetery, and bullets and spent cartridges were also found at the scene. Harm, injured by the crash, was taken to the hospital where, following his arrest and the giving of *Miranda* warnings, he gave officers a statement, wherein he admitted being in the truck at the time of the shooting, but he denied any culpability.

Appellant raises the following issues on appeal: (1) that his statement to police made while he was hospitalized and intoxicated, was not a knowing and voluntary statement; (2) that the clothing and personal effects which the police secured from hospital personnel while appellant was undergoing treatment were seized illegally without a warrant; (3) that appellant's revolver, a Smith and Wesson "detective special", was not a prohibited offensive weapon requiring that his conviction for possession thereof be reversed; and

---

1. The Commonwealth argues that appellant has waived all issues by not presenting them in filed post verdict motions; however, at time of the hearing on motions, appellant submitted a written brief to the court which was incorporated into the motions. This procedure has been recognized as sufficient to preserve issues under *Commonwealth v. Perillo*, 474 Pa. 63, 376 A.2d 635 (1977) and *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977).

(4) that the evidence was insufficient to convict him of involuntary manslaughter.

■■■■ Appellant initially argues that it was error not to suppress his statement made to police while he was a patient in the hospital since it was not knowing and voluntary in that he was in pain and grossly intoxicated. We, as an appellate court, are bound by the factual findings of the suppression court if they have support in the record, and may reverse only if legal conclusions drawn therefrom are in error. *Commonwealth v. Hall*, 475 Pa. 482, 380 A.2d 1238 (1977). Deference is given to the lower court's findings particularly where matters of credibility are involved. During the course of the suppression hearing, the court heard numerous witness accounts of appellant's physical condition, both at the time of the incident and later at the hospital. Also, the examining doctor's medical findings were stipulated to by both sides and incorporated into the court's findings of fact. It is uncontradicted that appellant had been drinking on the night of the shooting, however as to whether or not he was too intoxicated to give a statement was a question of fact to be resolved by the court. "Recent imbibing or the existence of a hangover does not make his confession inadmissible, but goes only to the weight to be accorded it." *Commonwealth v. Smith*, 447 Pa. 457, 460, 291 A.2d 103, 104 (1976). Also see *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976). The suppression judge credited the testimony of the various officers who testified that appellant, at the time of his statement, was alert, normal, responsive and somewhat cooperative and that he appeared to fully understand his *Miranda* rights before questioning began. As to his overall physical condition, following the accident, he was suffering from a broken left elbow, a broken bone in his neck, and a possible mild concussion. The doctor's report, however, disclosed that he was awake, alert, well-orientated and had no acute distress during his examination. Clearly, appellant's condition was distinguishable from that of the defendants discussed in *Reck v. Pate*, 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948

(1961), *Commonwealth v. Perry*, 475 Pa. 1, 379 A.2d 545 (1977), and *Commonwealth ex rel. Gaito v. Maroney*, 422 Pa. 171, 270 A.2d 628 (1966) wherein statements rendered were deemed involuntary due to physical incapacity and coercion.

Appellant next alleges that the suppression court further erred in not suppressing the evidence of his clothing and personal effects seized without a warrant at the hospital while he was undergoing treatment. It is axiomatic that warrantless searches are per se unreasonable subject only to a few specifically established exceptions. *Commonwealth v. Silo*, 480 Pa. 15, 389 A.2d 62 (1978). One such exception is the search incident to an arrest which is limited to the area within the immediate control of the actor from which he might gain a weapon or seek to destroy valuable evidence. "While the legal arrest of a person should not destroy the privacy of his premises, it does—for at least a reasonable time and to a reasonable extent—take his own privacy out of the realm of protection from police interest in weapons, means of escape and evidence." [citations omitted] *Commonwealth v. Hrynkow*, 457 Pa. 529, 537, 330 A.2d 858, 863 (1974). The justification for such a warrantless seizure is based on the exigency of the circumstances, and not on the fact that the search occurs contemporaneous with the arrest. "[C]ircumstances may exist which will render a seizure reasonable, even though it is not strictly confined to the area of arrest or the immediate time thereof." *Commonwealth v. Gordon*, 431 Pa. 512, 518, 246 A.2d 325, 328 (1968). Also see *Commonwealth v. Miller*, 247 Pa.Super. 132, 371 A.2d 1362 (1977), (allocatur refused).

In the instant case, the appellant was arrested at 4:00 a. m. in the hospital on the morning of the incident while undergoing treatment. His clothing and personal effects, which the police considered to be valuable evidentiary materials, were under the control of the hospital. In order to insure against their possible loss or destruction, the police were warranted in seizing these items without a warrant and without further delay. There existed sufficient exigent circumstances to justify the seizure as incident to a valid

arrest. We find no error on the part of the suppression court in so finding.

Appellant next asserts that his conviction for possession of an offensive weapon under 18 Pa.C.S. § 908 should be reversed because his Smith and Wesson, a revolver commonly known as a Detective Special, is not such a weapon covered by the statute. It is undisputed that the revolver in the instant case and that involved in *Commonwealth v. McHarris*, 246 Pa.Super. 488, 371 A.2d 941 (1976) are the same. *McHarris*, has specifically ruled that under § 908,

It is clear that a revolver is not specifically enumerated as an example of an offensive weapon. Therefore, in order to fall within the prohibition of § 908, the revolver must be an 'implement for the infliction of serious bodily injury which serves no common lawful purpose.' Our Court has held that this section of the Crimes Code was meant to prohibit the free circulation of a specific class of weapons which have no peaceful purpose and have no conceivable use except for purposes which our society has found to be criminal. See *Commonwealth v. Ponds*, 236 Pa.Super. 107, 345 A.2d 253 (1975) . . . Therefore, a revolver is not a weapon 'which serves no common lawful purpose' and appellant could not have been convicted of violating § 908.

■ The Commonwealth argues that since a Detective Special has a very short 1¾″ to 1⅞″ barrel that it is a type of offensive weapon "specifically made . . . for concealment", and therefore should fall within the purview of the statute. The court in *McHarris*, however has already determined that a Detective Special revolver was not an offensive weapon whose possession was prohibited under § 908. Therefore, the conviction of appellant for possession of an offensive weapon must be reversed.

■ Finally, appellant contends that the evidence below was not sufficient to support a guilty verdict of involuntary manslaughter. Viewing all the evidence and the reasonable inferences therefrom in the light most favorable to the Commonwealth as verdict winner, the evidence was clearly sufficient to convict on the charge of involuntary man-

slaughter. Appellant argues that the Commonwealth can produce no direct evidence of how the decedent died or who killed him. However, there was overwhelming circumstantial evidence presented to prove appellant's guilt and this is sufficient. *Commonwealth v. Courts*, 468 Pa. 613, 364 A.2d 684 (1976).

Also, appellant's argument that because he was intoxicated, he was unable to muster the necessary culpability to commit the crime herein is spurious. Intoxication is not a defense to involuntary manslaughter. We find that in this case, the Commonwealth proved that appellant was doing an unlawful act, the pointing of a loaded gun, at another[2] in a grossly negligent manner which resulted in the other's death.

Appellant's conviction for possession of an offensive weapon is reversed. The judgment of sentence for involuntary manslaughter is affirmed.

2. See *Commonwealth v. Chruscial*, 447 Pa. 17, 288 A.2d 521 (1972).