J-S82035-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                                   :            PENNSYLVANIA

            Appellee                 :
                                     :

               v.                       :
                                     :

OMAR D. JOHNSON,                   :
                                     :

           Appellant              :     No. 1890 EDA 2018

Appeal from the Judgment of Sentence Entered May 10, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004838-2017

BEFORE:     LAZARUS, J., OLSON, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED MARCH 25, 2019**

Omar D. Johnson (Appellant) appeals from his judgment of sentence imposed following his conviction for recklessly endangering another person (REAP), simple assault, and possession of an instrument of crime (PIC). We affirm.

The trial court summarized the factual history as follows.

> On February 15, 2017, around 2:20 p.m., Philadelphia Police Officer Robert Grant was on duty at the 6th Police District Headquarters … in the city and county of Philadelphia. Officer Grant was outside of the headquarters in plainclothes wearing his [police] badge on top of his clothing. As Officer Grant was getting something out of his car, he observed [Appellant] running down the street between the two lanes of traffic. Appellant approached a car stopped near the corner, pulled out a black gun, pointed it at the window of the car, and said[,] "get out the car." Officer Grant [then] observed a second car driving northbound on the sidewalk, coming toward the stopped car. The second car came off the pavement, [hit] Appellant, and nearly hit the first car, which then began to drive away. When the second car hit Appellant, it did not knock him down, but caused him to spin

*Retired Senior Judge assigned to the Superior Court.

around with the gun toward Officer Grant. The second car then followed the first car.

After Appellant was spun around, Officer Grant drew his weapon and yelled[,] "Police. Drop the gun." Appellant then looked up and pointed his gun at Officer Grant. The officer jumped down, used his car door as cover[,] and again yelled[,] "Police. Drop the gun." Officer Grant testified that he "was terrified" by having a gun pointed at him. Appellant continued to look and point his gun at Officer Grant who, for a third time, yelled[,] "Police. Drop the damn gun." Appellant finally lowered his gun to the ground. Officer Grant then approached Appellant, with his gun still pointed at [Appellant], and noticed that two uniformed officers had come up beside him. Officer Grant stepped on Appellant's gun and handed his handcuffs to one of the other officers, who put them on Appellant and brought him into [p]olice [h]eadquarters. Appellant's gun, a Glock nine-millimeter loaded with fifteen live rounds, along with Appellant's license to carry a firearm, were recovered from the scene…. Throughout this interaction, which took place in front of the marked police station and around a dozen parked police cars, Officer Grant's badge was out and visible.

Trial Court Opinion, 9/4/2018, at 1-2 (record citations omitted).

Appellant was charged regarding the aforementioned incident. Following a bench trial on May 10, 2018, the trial court found Appellant to be not guilty of aggravated assault, and guilty of simple assault by physical menace, REAP, and PIC. That same day, the court sentenced Appellant to probation totaling four years in the aggregate. The trial court structured the probation such that if Appellant successfully completed one year of probation and was employed, probation would terminate.

Appellant timely filed a post-sentence motion, entitled a "Motion for Extraordinary Relief," which argued that reasonable doubt should have been

generated by (1) inconsistencies within Officer Grant's testimony and between the testimony of Officer Grant and Appellant; and (2) Appellant's reputation for being a peaceful, law-abiding citizen. Motion for Extraordinary Relief, 5/14/2018, at ¶¶ 3-4. The trial court denied Appellant's motion on May 16, 2018, without hearing argument.

This timely-filed appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925. On appeal, Appellant requests that we decide the following issue: "[w]hether the verdict is insufficient as a matter of law and against weight of the evidence of [s]imple [a]ssault, PIC[,] and REAP where the evidence showed that [Appellant] lacked the specific intent to commit these crimes." Appellant's Brief at 5.

Although Appellant purports to present only one issue in the statement of questions involved, challenges to the sufficiency of the evidence and the weight of the evidence are two distinct issues. *See Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000). Evidence is sufficient to support a verdict when it establishes each material element of the crime charged and commission of the crime by the accused beyond a reasonable doubt. *Id.* The remedy for a successful challenge to the sufficiency of evidence is a judgment of acquittal. *Id.* A challenge to the weight of the evidence, on the other hand, concedes there is sufficient evidence to sustain the verdict. *Id.* The remedy for a successful challenge to the weight of the evidence is a new trial. *Id.*

In his brief, Appellant improperly conflates the two claims by failing to present the issues separately in his statement of questions involved and argument headings, *see* Pa.R.A.P. 2116(a) and 2119(a), which is exacerbated by his intermixing of the legal standards and analysis of both types of claims in his argument.[1] For example, Appellant requests relief in the form of a new trial, and he recites the legal standard for a weight challenge and not a sufficiency challenge. *See* Appellant's Brief at 10, 13. However, his argument mainly focuses on his claim that the evidence of record shows he lacked the specific intent required under the Crimes Code – a claim which relates to sufficiency, not weight.

To address a challenge to the sufficiency of the evidence, we must determine

> whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

---

[1] Appellant's concise statement and post-trial motion suffer from the same improper conflation as his brief.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 716 (Pa. Super. 2015) (citation omitted).

In order to prove that Appellant engaged in simple assault by physical menace, the Commonwealth had to establish that Appellant "attempt[ed] by physical menace to put another in fear of imminent serious bodily injury[.]" 18 Pa.C.S § 2701(a)(3).

Appellant argues that the evidence failed to demonstrate that he specifically intended to put Officer Grant in fear of imminent serious bodily injury by physical menace. Appellant's Brief at 11. Specifically, he claims that his testimony demonstrated that he was simply defending his family after an individual brandished a firearm at him, his wife, and small child, and he did not know that Officer Grant, who was not in uniform, was a police officer.[2] ***Id.***

However, in a sufficiency challenge, we must review the evidence in the light most favorable to the Commonwealth. ***Gonzalez***, 109 A.3d at 716. The Commonwealth introduced evidence in the form of Officer Grant's testimony, which established that Appellant brandished a firearm towards another individual, turned towards Officer Grant in response to the officer's yells, and

---

[2] At trial, Appellant testified that he was driving a car with his wife and child as passengers, and after another car hit his car, a person got out of the offending car and pointed a firearm at Appellant. N.T., 5/10/2016, at 37-46. This caused Appellant to get out of his car with his firearm at his side. ***Id.*** He denied pointing the firearm at anyone, including Officer Grant, and claims when he heard Officer Grant yelling at him, he turned around with the gun still at his side, and then complied with the officer's instructions by dropping it on the street. ***Id.***

continued to point his firearm at Officer Grant despite the issuance of multiple commands to drop the weapon. N.T., 5/10/2018, at 15-27. The trial court credited Officer Grant's testimony over Appellant's, *see* Trial Court Opinion, 9/4/2018, at 4, and we cannot re-weigh such evidence. ***Commonwealth v. Rodriguez***, 141 A.3d 523, 525 (Pa. Super. 2016) (holding that the "fact-finder is free to believe all, part, or none of the evidence presented" and it "is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder"). Officer Grant's testimony establishes circumstantially Appellant's intent to put another in fear of imminent bodily harm by the physical menace of pointing the gun. ***See Commonwealth v. Alford***, 880 A.2d 666, 672 (Pa. Super. 2005) (determining that the act of pointing a gun towards someone is sufficient to prove simple assault by physical menace). Furthermore, whether Appellant knew that Officer Grant was a police officer or not is irrelevant, as the victim's status as a police officer is not an element of simple assault. Thus, the evidence was sufficient to convict Appellant of simple assault by physical menace.

To convict Appellant of REAP, the Commonwealth had to prove that Appellant "recklessly engage[d] in conduct[,] which place[d] or may [have] place[d] another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. Appellant was also convicted of PIC, which required the

- 6 -

Commonwealth to prove that Appellant "possesse[d] any instrument of crime with intent to employ it criminally." 18 Pa.C.S. § 907(a).

Appellant argues that he lacked the *mens rea* to commit these two crimes because he had a valid permit to carry a firearm and never pointed the weapon in Officer Grant's direction. Appellant's Brief at 12. Furthermore, Appellant contends that even under Officer Grant's version of events, the evidence demonstrates that Appellant turned with a weapon in hand and did not hear Officer Grant's commands until he got closer, at which time he complied. *Id.*

Again, Officer Grant's testimony indicates that Appellant pointed his gun in Officer Grant's direction despite multiple commands from Officer Grant to drop the gun. To the extent that Appellant argues there are discrepancies between his testimony and the testimony of Officer Grant regarding where he pointed the gun, such a challenge goes to weight, not sufficiency. ***Commonwealth v. Bowen***, 55 A.3d 1254, 1262 (Pa. Super. 2012) (holding claim that factfinder should have believed Appellant's version of events over another witness's version goes to the weight, not the sufficiency of the evidence).

Furthermore, in a sufficiency challenge, in addition to viewing the evidence in the light most favorable to the Commonwealth, we must look at "all reasonable inferences drawn" from the evidence in the light most favorable to the Commonwealth. ***Commonwealth v. Wise***, 171 A.3d 784, 790 (Pa.

Super. 2017). "The evidence established at trial need not preclude every possibility of innocence." ***Rodriguez***, 141 A.3d 523, 525 (Pa. Super. 2016). Thus, whether Appellant heard Officer Grant's commands to drop the weapon or not, the trial court was entitled to rely on Officer Grant's testimony to conclude that Appellant pointed a firearm loaded with 15 rounds at a car in the middle of a public street mid-day, and then pointed the same loaded firearm in the officer's direction for a sustained period. Both of these actions had the potential to place Officer Grant and others who may pass by on the street in danger of death or serious bodily injury, and evidences a conscious disregard for the safety of others.

Furthermore, Appellant's permit to carry a weapon does not mean he cannot be convicted of PIC. To convict someone of this crime, "the Commonwealth has the burden of proving two elements: (1) possession of an object that is an instrument of crime and (2) intent to use the object for a criminal purpose." ***In re A.V.***, 48 A.3d 1251, 1253 (Pa. Super. 2012). The Crimes Code defines an instrument of crime as "(1) [a]nything specially made or specially adapted for criminal use [or] (2) [a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S. § 907(d). A firearm can constitute an instrument of crime. ***Commonwealth v. Smith***, 384 A.2d 1343, 1345 (Pa. Super. 1978). PIC is an inchoate offense; "it is the actor's criminal purpose that provides the touchstone of his liability" for possessing

an instrument of crime. ***Commonwealth v. Andrews***, 768 A.2d 309, 317 (Pa. 2001). Although mere possession of an instrument of crime is not enough to prove intent to use the instrument for a criminal purpose, ***see A.V.***, 48 A.3d at 1253-54, such intent may be inferred from the circumstances surrounding the possession. ***Andrews***, 768 A.2d at 318. In the instant case, while Appellant may have been permitted to carry a firearm, he was not permitted to brandish a loaded firearm towards two individuals on a public street. Based on the foregoing, the evidence was also sufficient to convict Appellant of REAP and PIC.

To the extent Appellant challenges the weight of the evidence, the following standard is applicable.

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

***Commonwealth v. Izurieta***, 171 A.3d 803, 809 (Pa. Super. 2017) (citation omitted).

The trial court offered the following analysis of Appellant's weight challenge.

> Appellant suggests that the [c]ourt abused its discretion by denying his [weight-of-the-evidence] claim because of numerous inconsistencies in Officer Grant's testimony[,] which raised a substantial question on whether Appellant pointed his gun at Officer Grant, but a review of the hearing transcript does not show that Officer Grant contradicted his own testimony in any substantial manner. Appellant testified he did not point his gun at Officer Grant. Here, the [trial court], sitting as fact-finder, found that the testimony of Officer Grant [that Appellant did point his gun to be] credible. Because the verdict did not shock one's sense of justice, the court did not abuse its discretion in denying Appellant's [weight-of-the-evidence] claim.

Trial Court Opinion, 9/4/2018, at 6 (citations and quotation marks omitted).

The trial court heard the evidence first-hand during the bench trial, determined Officer Grant was more credible than Appellant, and entered a verdict reflecting this credibility determination. Upon reconsideration of such verdict, the trial court concluded in its discretion that the verdict did not shock its sense of justice. We discern no abuse of discretion in this conclusion. *See Widmer*, 744 A.2d at 753 ("Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination[.]").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/25/19