## Commonwealth *v*. Mease, Appellant.

Argued September 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Anne F. Johnson,* Assistant Defender, with her *John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*John H. Isom,* Assistant District Attorney, with him *James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 21, 1973 :
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J. :

Appellant contends that the trial court committed prejudicial error in denying a request for a continuance until such time as appellant's case could be listed for trial before another judge.

On August 8, 1972, the appellant appeared before the Honorable Stanley L. KUBACKI, charged in Bills of Indictments Nos. 484-485 with violations of the Uniform Firearms Act. Appellant entered a plea of not guilty and waived trial by jury. A demurrer was sustained as to Indictment No. 484. Defense counsel thereupon requested a continuance for a second case involving appellant which was scheduled to be heard that same day. This request was denied by the Court.[1]

---

[1] Immediately following an adjudication of guilt in the first case Judge KUBACKI had the following discussion with defense counsel : "THE COURT : We will pause in the progress of this case and start case number two. MR. MARKLE : Considering the disposition of this case and the guilty finding as well as the fact that it has already been brought to your attention that another serious offense—the Defendant has ben arrested for another serious offense. I think the Defendant should be taken before another judge for the second trial.

. . .

"THE COURT : I know nothing about his background. Do you think I must be prejudiced by the fact I know about the other

Appellant was immediately thereafter tried before Judge KUBACKI, without a jury, on a second charge— burglary of a motor vehicle. Appellant was found guilty and sentenced to a term of imprisonment of two to ten months to be served consecutively with the firearms conviction. Post-trial motions were denied, and this appeal followed.

In every criminal case, the trial court must be especially diligent to insure that the defendant is afforded the presumption of innocence. The burden must always be on the Commonwealth to prove guilt beyond a reasonable doubt, and this proof must be related solely to the crime for which appellant is charged. When the appellant is being tried on multiple charges the problem is no less acute. The serious potential prejudice inherent in such situations is the rationale underlying the well-established rule that evidence which shows or tends to show that the accused is guilty of the commission of other crimes and offenses is inadmissible and incompetent. *Commonwealth v. Trapp*, 217 Pa. Superior Ct. 384, 272 A. 2d 512 (1970) ; *Commonwealth v. Trowery*, 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967).

For this reason, our courts have consistently reversed convictions where "trial booklets" were presented to the jury indicating that the defendant was

---

offenses? MR. MARKLE: It is a potential problem and not an unreal one since you found him guilty on the first case you have tried. THE COURT: I honestly do not think it is a proper request. I think I can judge him dispassionately on number two. . . ." Before the second trial began defense counsel renewed his request for a continuance: "THE COURT: Let's go to trial. MR. MARKLE: For the record, I would like to make a Motion for a continuance to another courtroom before another judge, since the Defendant was found guilty this morning before you in violation of the Uniform Firearms Act on another case concerning another incident.

. . .

"THE COURT: I deny your Motion."

charged or convicted of other crimes: *Commonwealth v. Bobko*, 221 Pa. Superior Ct. 100, 288 A. 2d 925 (1972), rev'd, 453 Pa. 475, 309 A. 2d 576 (1973); *Commonwealth v. McDaniel*, 217 Pa. Superior Ct. 20, 268 A. 2d 237 (1970); *Commonwealth v. Trapp*, supra; where reference was made to "mug shot" identifications: *Commonwealth v. Allen*, 212 Pa. Superior Ct. 314, 242 A. 2d 901 (1968); *Commonwealth v. Trowery*, supra; where references to prior crimes or convictions was brought out as part of Commonwealth's case even where the trial judge sat without a jury: *Commonwealth v. Rivers*, 218 Pa. Superior Ct. 184, 279 A. 2d 766 (1971); and, where seven of twelve jurors who had earlier participated in a voir dire in another prosecution, served as jurors against the same defendant on a second charge: *Commonwealth v. Free*, 214 Pa. Superior Ct. 492, 259 A. 2d 195 (1969).

In the recent decision of *Commonwealth v. Bobko*, supra, our Supreme Court reversed a conviction because of the introduction of "trial booklets" to the jury. The Court held: "We believe that presenting the jury with information indicating that appellant was charged with other crimes is prejudicial error. Certainly, possession by the jury of a list of charges pending against the appellant might well have predisposed the jurors to believe the appellant guilty, thus denying him the presumption of innocence."

Similarly, in *Commonwealth v. Free*, supra, this Court held that where jurors sit on a voir dire panel against the defendant on one charge, they may not participate in a determination of guilt against the defendant on another charge. The potential prejudice of such knowledge, "thus effectively stripping him of the presumption of innocence," (*Commonwealth v. Trapp*, supra at 387), compelled the granting of a new trial.

It is my opinion that the fact that the trial court, who in this case was the sole fact-finder, sat without

a jury, compels no different result. As we said in *Commonwealth v. Rivers,* supra at 187: ". . . even though he was an able and experienced trial judge, could have come to no other conclusion than that appellant had a predilection for crime." Although the trial judge in this case was an experienced and thoroughly able jurist, and while judicial economy and effective court administration are obviously legitimate concerns, the possibility of even unconscious consideration of other crimes or convictions in the determination of guilt on an unrelated charge is too great to sustain a conviction.

The Commonwealth's position that *Commonwealth v. Paquette,* 451 Pa. 250, 301 A. 2d 837 (1973), is dispositive of the issues presented herein, is not persuasive. In *Paquette,* the trial judge also presided as the suppression hearing judge. The Supreme Court at 258 said: "The better practice in a multi-judge county would be to have the trial conducted by someone other than the judge who presided over the Suppression Proceedings particularly where there is a waiver of jury accepted." The Court did not reverse appellant's conviction, because it was determined that "there was no request that the trial judge disqualify himself for this reason or any other." 451 Pa. at 258. In the absence of objection to this practice, the Court determined that trial strategy was a component of counsel's decision to proceed nonjury. *Paquette* is simply inapposite to the instant case, where defense counsel made two separate requests for a continuance, asking for the disqualification of the trial judge from this second trial.

For the above stated reasons, the judgment of sentence should be reversed, and the case be remanded to the trial court for a new trial before another judge.[2]

---

[2] Appellant also contends that his conviction on the violation of the Uniform Firearms Act should be sent back to the court below for resentencing. Since the sentencing judge imposed sentences on

SPAETH, J., joins in this dissenting opinion.

both convictions at the same time, the lower court should resentence the appellant with only the firearms violation before it. Under these circumstances, the sentencing judge may have given certain weight to the existence of two convictions at the time of sentencing. *Commonwealth v. Lockhart,* 223 Pa. Superior Ct. 60, 296, A. 2d 883 (1972).