Commonwealth *v.* Richardson, Appellant.

124

Argued September 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Ronald J. Harper*, with him *Harper and Singley*, for appellant.

*Mark Sendrow*, Assistant District Attorney, with him *Steven H. Goldblatt*, Assistant District Attorney, *Abraham J. Gafni*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *F*.

*Emmett Fitzpatrick,* District Attorney, for Common-
wealth, appellee.

OPINION BY WATKINS, P. J., February 27, 1975:

This appeal is from the judgment of sentence of the
Court of Common Pleas of Philadelphia County, Crim-
inal Division, for rape and indecent assault after a
non-jury trial.

The appellant avers there was not sufficient evi-
dence to find him guilty of rape on the testimony of the
victim alone and because of the time delay in notifying
the police. The act having been committed at 6:00 a.m.
and the call to police at 5:00 p.m.

The Commonwealth's case was based on the testi-
mony of Miss Priscilla Gaskins, twenty years of age
and slight of build. She testified that she knew the
defendant who lived two blocks away from her home.
She further stated that on September 12, 1973, she left
her home for work at 6:30 a.m., and as she came out
of her front door, the defendant was sitting on the steps
of the house two doors away. The complainant stated
that the defendant spoke to her and she responded.
She stated further that she was late that morning, and
decided to use a short cut through a vacant lot. As she
entered the lot, the defendant grabbed her around her
shoulders and threw her against a warehouse building.
The defendant, a rather large person, ignored her yelled
protests, overcame her fighting resistance and had
forcible intercourse with her. When the defendant
finally released complainant, he threatened her to re-
main silent about the incident.

The complainant returned to her home right after
the incident, but was unable to awaken her older sister.
She went to her next door neighbors, told them what
had happened to her and they accompanied her back
to her home. This time, she was able to awaken her

sister, who opened the door to admit them. The complainant told her what had happened, and she ordered the complainant to take a bath, go to bed and wait for their parents to come home, which the complainant did. Upon the arrival of the complainant's parents in the late afternoon, they were told about the incident, the police were summoned and the defendant arrested.

Though some delay was evident, it was not unreasonable and the victim did inform the first person she met after the rape, her neighbors and her sister.

The court was impressed with the victim's truthfulness, her testimony being corroborated by the one piece of physical evidence presented, her torn dress.

This evidence was sufficient to sustain the conviction, though all minds may not so agree. The appellant avers the court below erred in convicting him of indecent assault as the crime merged into the rape. Sentence on this charge was suspended.

The Pennsylvania Crimes Code was intended to clarify and modernize the criminal code of the Commonwealth but did not wipe away all the prior doctrine and experience. The crime of rape necessarily includes the crime of indecent assault, not merely in the progression of acts but in the act itself.

The crime of indecent assault is set forth in 18 Pa. C.S. §3126, as follows:

"§3126. Indecent assault.

"A person who has indecent contact with another not his spouse, or causes such other to have indecent contact with him is guilty of indecent assault, a misdemeanor of the second degree, if:

"(1) he knows that the contact is offensive to the other person;

"(2) he knows that the other person suffers from a mental disease or defect which renders him or her

incapable of appraising the nature of his or her conduct;

"(3) he knows that the other person is unaware that an indecent contact is being committed;

"(4) he has substantially impaired the other person's power to appraise or control his or her conduct, by administering or employing without the knowledge of the other drugs, intoxicants or other means for the purpose of preventing resistance; or

"(5) the other person is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over him."

These crimes merged. *Commonwealth v. Nelson*, 452 Pa. 275, 305 A. 2d 369 (1973); *Commonwealth ex rel. Shaddock v. Ashe*, 340 Pa. 286, 17 A. 2d 190 (1941). Sentence should not have been given on the indecent assault conviction even though suspended. The future prejudice to the appellant is sufficient basis upon which to vacate an improperly imposed suspended sentence. *Commonwealth v. Wolfe*, 220 Pa. Superior Ct. 415, 289 A. 2d 153 (1972).

Judgment of sentence for rape is affirmed; suspended sentence for indecent assault is vacated.