372 A.2d 917

**COMMONWEALTH of Pennsylvania**

v.

**Jessie J. BRYANT, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided April 19, 1977.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On the evening of September 16, 1974, the prosecutrix, Miss Roslyn Pitts, was robbed and raped in an elevator. Appellant Jessie Bryant (along with two other male individuals, Thomas Felder and John Young) was tried before a judge and jury and, on April 11, 1975, was found guilty of rape, robbery, indecent assault, conspiracy, aggravated assault, and corrupting the morals of a minor. The charge of corrupting the morals of a minor was nolle prossed, but appellant was sentenced on September 16, 1975 to 7½ to 15 years on the rape, robbery, and conspiracy convictions, to

1–2 years for indecent assault, and to 2½–5 years for aggravated assault, all sentences to run concurrently. Appeal was taken to our Court from the judgment of sentence of September 16, 1975.[1]

■ Appellant first argues that "[t]he testimony of the complainant, the sole witness who identified appellant as her assailant, was so confused and contradictory that it failed to establish appellant's guilt beyond a reasonable doubt." The notes of testimony of the trial reveal that the prosecutrix did not know appellant by name, but did recognize him as someone she had seen before on several occasions in the neighborhood. The girl positively identified appellant in court as the person in the elevator who pulled her pants and panties off and actually engaged in intercourse with her. As for certain minor discrepancies in the girl's testimony (relating to the number of persons who actually pulled her pants and panties off, whether one or more of the attackers picked up the money as it fell from her pocket, whether the girl described appellant as being three inches shorter than he actually was), it is the province of the jury to weigh testimony and resolve any inconsistencies. *Commonwealth v. Bartell,* 184 Pa.Super. 528, 136 A.2d 166 (1957). We must not second guess the finder of fact with respect to the credibility of a victim's testimony. See *Commonwealth v. Paquette,* 451 Pa. 250, 301 A.2d 837 (1973). The evidence presented was sufficient to establish appellant's guilt beyond a reasonable doubt.

■ Appellant's only other argument is that he should not have been sentenced for both rape and indecent assault, since the charges rose out of a single criminal episode. We agree. *Commonwealth v. Richardson,* 232 Pa.Super. 123, 334 A.2d 700 (1975). Since appellant's sentence for indecent

1. A writ of certiorari was issued by our Court on September 30, 1975, and was filed October 1, 1975. On November 25, 1975, the lower court issued an order to reduce sentence on the rape, robbery and indecent assault convictions to 5–15 years. This order has no effect on our disposition of this case.

assault runs concurrently with his other sentences, we vacate the 1–2 year sentence for indecent assault. See *Richardson, supra.* Judgment of sentence affirmed as to the other convictions.

HOFFMAN, J., files a concurring and dissenting opinion in which SPAETH, J. joins.

HOFFMAN, Judge, concurring and dissenting:

I agree with the Majority's treatment of the substantive issues presented by the instant appeal. I dissent because the Majority's disposition is erroneous. I would remand for resentencing consistent with our opinion in *Commonwealth v. Lockhart,* 223 Pa.Super. 60, 296 A.2d 883 (1972).

The problem which we face is not uncommon: once we vacate the judgment of sentence on one charge, but affirm as to other charges, what disposition is proper? That question was answered in *Commonwealth v. Lockhart,* supra, 223 Pa.Super. at 65, 296 A.2d at 886:

"As conviction on this one count was constitutionally invalid, the cause should be remanded for resentencing on the remaining valid convictions. Recently, Circuit Judge Friendly made a similar recommendation, saying: 'When the invalidity of the conviction on one count which may have influenced the sentence becomes apparent on an appeal, whether on direct or collateral attack, the proper course is usually to vacate the sentences and remand for resentencing on the valid counts without consideration of the invalid one.' *McGee v. United States,* 462 F.2d 243, 246 (2d Cir. 1972)." This Court has followed that principle on numerous occasions. *Commonwealth v. Leonhard,* 245 Pa.Super. 116, 369 A.2d 320 (filed November 22, 1976); *Commonwealth v. Davison,* 243 Pa.Super. 12, 364 A.2d 425 (1976); *Commonwealth v. Spraggins,* 235 Pa.Super. 730, 344 A.2d 911 (1975) (per curiam remand); *Commonwealth v. Goodyear,* 235 Pa.Super. 544, 344 A.2d 672 (1975); *Commonwealth v. Green,* 233 Pa.Super. 731, 339 A.2d 788 (1975) (per curiam remand);

*Commonwealth v. Hannan,* 229 Pa.Super. 540, 331 A.2d 503 (1974); *Commonwealth v. Carter,* 230 Pa.Super. 236, 326 A.2d 480 (1974); *Commonwealth v. Moore,* 225 Pa.Super. 735, 307 A.2d 332 (1975) (per curiam remand). See also, *Commonwealth v. Simms,* 228 Pa.Super. 85, 324 A.2d 365 (1974) (dissenting opinion by HOFFMAN, J.); *Commonwealth v. Mease,* 226 Pa.Super. 255, 313 A.2d 272 (1973) (dissenting opinion by HOFFMAN, J.).[1]

The Majority's reliance on *Commonwealth v. Richardson,* 232 Pa.Super. 123, 334 A.2d 700 (1975) is inapposite. It is true that in *Richardson,* we vacated a suspended sentence for a lesser offense and affirmed the judgment of sentence on the greater offense, without remanding for resentencing. Nowhere did we indicate an intention of overruling *Lockhart.* Further, in several instances since *Richardson,* we have followed the remedy prescribed in *Lockhart.* See, e.g., *Commonwealth v. Leonhard,* supra; *Commonwealth v. Davison,* supra; *Commonwealth v. Spraggins,* supra. Thus framed, we may have been mistaken in *Richardson* when we failed to remand for resentencing. That does not permit us to ignore existing case law in the case before us, especially when the appellant has specifically raised that issue in his brief.

SPAETH, J., joins in this opinion.

1. My research indicates that in *Commonwealth v. Grant,* 235 Pa.Super. 357, 341 A.2d 511 (1975), we declined to apply the remedy prescribed in *Lockhart,* but only after considering the sentencing colloquy and concluding that ". . . it is clear from the colloquy at the sentencing hearing that if we were to remand, not only would the same sentence be imposed, but the sentence would be an appropriate one." 235 Pa.Super. at 366, 341 A.2d at 516. Except for the narrow exception announced in *Grant,* I find that our adherence to the *Lockhart* principle has been almost universal.