418 A.2d 625
**COMMONWEALTH of Pennsylvania**
v.
**Jean H. JETER, Appellant.**
Superior Court of Pennsylvania.
Submitted March 23, 1979.
Filed Feb. 1, 1980.
Petition for Allowance of Appeal Denied Aug. 27, 1980.

Richard A. McDaniel, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

Appellant was tried by a judge without a jury and found guilty of aggravated assault (18 Pa.C.S.A. § 2702), possession of an instrument of crime (18 Pa.C.S.A. § 907), possession of a prohibited offensive weapon (18 Pa.C.S.A. § 908), unlawfully carrying a firearm on a public street (18 Pa.C.S.A.

§ 6108), and unlawfully carrying a firearm without a license (18 Pa.C.S.A. § 6106).

Appellant's primary argument is that the evidence was insufficient to prove that she shot the victim without justification. *See* The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. §§ 502 *et seq.* As in every appeal from a criminal conviction that challenges the sufficiency of the evidence, the Commonwealth, as verdict-winner, is entitled to have the evidence viewed in the light most favorable to it. *Commonwealth v. Eberle*, 474 Pa. 548, 379 A.2d 90 (1977); (plurality opinion); *Commonwealth v. Cropper*, 463 Pa. 529, 345 A.2d 645 (1975); *Commonwealth v. Jones*, 231 Pa.Super. 300, 332 A.2d 464 (1974). So viewed, the evidence may be stated as follows.

On December 27, 1976, the victim was working in his father's bar at 50th and Thompson Streets in Philadelphia. At approximately 10:30 p. m. appellant opened the door to the bar, entered about three feet, and said something that the victim could not understand. When the victim asked appellant to close the door, she replied, "If you want this door closed, you close it." As the victim walked around the bar counter to close the door, someone shouted, "Look out, she's got a gun." At this point, the victim was approximately six or seven feet from appellant. Appellant fired her gun, and the victim leapt at her. Appellant fired a second time, the victim landed against her, and both fell out the bar door onto the street pavement. The victim tried to wrestle the gun from appellant, and appellant began to strike him with her free hand. Finally, the victim pinned both appellant's hands, and told someone to grab the gun. When the gun was taken from appellant, the victim walked back into the bar, fell down, and realized for the first time that he had been shot in the leg. (He was subsequently hospitalized for two and a half days.) The victim had never seen appellant before; five men and two women were in the bar at the time of the incident, and none of the men had spoken to appellant before the shooting.

On the night of the incident Police Officer Thomas Hoban was off-duty and driving west on Thompson Street when he

heard what he thought was a gunshot and saw people coming out of the victim's bar. When he got out of his car, he saw several men on top of appellant, trying to pull a gun from her hand. He identified himself to the group as a police officer, obtained the gun, and handed it to Police Officer Louis Smith, who was just arriving at the scene. Officer Hoban did not see the victim outside the bar.

When Police Officer Louis Smith arrived at 50th and Thompson Streets he observed three men and two women. Two of the men were beating appellant, who was lying on the ground, and another man (Officer Hoban) was leaning over her. The men were trying to get a gun from appellant. Officer Smith stopped the beating, and took a gun from Officer Hoban. He inspected the gun, saw that it had been fired twice, and arrested appellant. Officer Smith did not see the victim outside the bar. Several minutes before arriving at the scene he had heard a noise that sounded like a gunshot.

Appellant asserts that this testimony was insufficient to prove that she shot the victim without justification because she testified without contradiction as follows. Immediately, before the incident, a white woman had taunted her in the street with racial slurs and remarks about her blind husband. When the woman went into the victim's bar, appellant followed so she could speak with her. When she opened the bar door she was not angry or belligerent, and she did not remember that she had a gun in her pocket until moments before the shooting, when she became excited and scared.[1] None of this testimony, however, should be considered in determining the sufficiency of the Commonwealth's evidence since the fact-finder was free to disbelieve it. *Commonwealth v. Allen*, 227 Pa.Super. 157, 324 A.2d 437 (1974); *Commonwealth v. Donatelli*, 202 Pa.Super. 565, 198 A.2d 338 (1964); *Commonwealth v. Doria*, 193 Pa.Super. 206,

---

1. Appellant also claims that she testified without contradiction that she did not draw her gun until one of the men in the bar was about to strike her with a bar stool, and the other men were starting towards her. Appellant's Brief at 10. This testimony, however, was contradicted by the victim, who stated that when appellant fired her first

163 A.2d 918 (1960).[2] Moreover, even if the testimony were given full credence, it does not undercut the sufficiency of the Commonwealth's proof. At most it showed that appellant was reprehensibly slurred, that she had reason to enter the victim's bar to learn why, and that she had reason to be frightened when she found herself to be the only black in an all-white bar in a racially-troubled neighborhood. This testimony did not establish that appellant was justified in shooting the victim when he approached her to close the door.[3]

■ Appellant argues next that the evidence was insufficient to convict her of possession of an instrument of crime. In order to convict appellant of this offense, the Commonwealth had to prove that she possessed her gun under circumstances manifestly inappropriate for such lawful uses the gun may have had and with an intent to employ it criminally. *See Commonwealth v. Allen*, 466 Pa. 474, 353 A.2d 452 (1976); *Commonwealth v. Morgan*, 265 Pa.Super. 225, 401 A.2d 1182 (1979); *Commonwealth v. Goosby*, 251 Pa.Super. 326, 334, 380 A.2d 802, 806 (1977) (SPAETH, J., concurring). Here, as appears from the foregoing summary of the evidence, the fact-finder was entitled to find that

shot, all the other men were seated at the bar, N.T. at 23, and that no one struck appellant with a bar stool. N.T. at 19.

Appellant also claims that the uncontested injuries she sustained as a result of her beating were such as to establish that she reasonably believed that she was in immediate danger of serious bodily injury when she fired her gun. However, whether her injuries were inflicted before she drew her gun or afterwards, when the victim and his customers tried to take the gun from her, was a question of fact that the lower court resolved against appellant.

**2.** In his opinion, filed pursuant to Pa.R.A.P. 1925(a), the trial judge states that he did not find appellant's testimony credible. At pp. 626–628.

**3.** Appellant claims that the Commonwealth's evidence was fatally inconsistent and that the lower court summarily rejected the defense of justification before she presented her evidence. The record does not support these assertions. Furthermore, we reject appellant's argument that the verdict was against the weight of the evidence. Issues involving the credibility and weight of the evidence were for the fact-finder. *See e. g., Commonwealth v. Fultz*, 487 Pa. 207, 386 A.2d 513 (1978); *Commonwealth v. Bryant*, 247 Pa.Super. 460, 372 A.2d 917 (1977).

appellant entered the victim's bar, drew a loaded gun from her pocket, and fired it twice at the victim without provocation. This evidence was sufficient to sustain the conviction.

Appellant argues next that the Commonwealth's evidence was insufficient to sustain her conviction for carrying a firearm on public streets because the Commonwealth failed to show that appellant was not exempt from licensing under 18 Pa.C.S.A. § 6106. This contention is without merit. *Commonwealth v. Bigelow*, 484 Pa. 476, 399 A.2d 392 (1979).

Appellant's final argument is that her conviction for possession of a prohibited offensive weapon was contrary to law. The lower court agreed that the gun used by appellant in the shooting was not a prohibited offensive weapon within the meaning of the Crimes Code, but nevertheless denied appellant's motion for arrest of judgment since it intended to suspend sentence on that conviction. The lower court's conclusion that the Commonwealth failed to prove that appellant was guilty of possession of a prohibited offensive weapon was correct. *Commonwealth v. Rose*, 265 Pa.Super. 159, 401 A.2d 1148 (1979); *Commonwealth v. McHarris*, 246 Pa.Super. 488, 371 A.2d 941 (1977). *See also Commonwealth v. Fisher*, 485 Pa. 8, 400 A.2d 1284 (1979). However, we fail to understand the court's conclusion that because it intended to suspend sentence on this conviction, appellant did not have the right to have the conviction reversed. The court should have sustained appellant's motion in arrest. This error, however, does not require the vacation of the sentences imposed upon appellant's other convictions. The sentencing transcript shows that appellant's invalid conviction of possession of a prohibited offensive weapon did not influence the sentences imposed by the court on the valid convictions. *See Commonwealth v. Grant*, 235 Pa.Super. 357, 341 A.2d 511 (1975); *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972).

Appellant's conviction of possession of a prohibited offensive weapon is reversed; the judgment of sentence of the lower court is otherwise affirmed.

PRICE, J., files a concurring and dissenting statement.

PRICE, Judge, concurring and dissenting:

I concur in the majority affirmance of the judgments of sentence imposed on aggravated assault, possession of an instrument of crime, unlawfully carrying a firearm on a public street, and unlawfully carrying a firearm without a license. I dissent solely to the reversal of the conviction for possession of a prohibited offensive weapon. I would affirm as to all the judgments of sentence.

I concede that *Commonwealth v. Fisher*, 485 Pa. 8, 400 A.2d 1284 (1979), casts some doubt upon the validity of my dissenting position. I prefer, however, to rely on that holding only for the proposition that a hunting implement, to-wit, a Wyoming knife, which has a common lawful purpose is not within the scope of the prohibition of Section 908 of the Crimes Code.

Further, the Commonwealth argues, and I agree, that appellant waived his argument on the conviction for possession of a prohibited offensive weapon when he failed to pursue the question upon the assurance of the trial judge that the sentence would be suspended on that charge; a promise which, in fact, was carried out.