J-A01037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| LUIS P. LAMAS | |
| Appellee | No. 1287 EDA 2015 |

Appeal from the Order Entered April 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000270-2015

BEFORE:  LAZARUS, J., OTT, J., and STEVENS, P.J.E.*

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 19, 2016**

The Commonwealth of Pennsylvania appeals from the order of the Court of Common Pleas of Philadelphia County, entered April 16, 2015, granting Luis P. Lamas' motion  to quash five charges in the criminal indictment and quashing the remaining four charges *sua sponte*.  Upon review, we affirm in part, vacate in part, and remand for further proceedings.

Lamas was arrested on October 3, 2014.  He was charged with possessing a controlled substance with intent to deliver,[1] intentional or knowing possession of a controlled substance,[2] possession of marijuana,[3]

---

[1] 35 Pa.C.S. § 780-113(a)(30).

[2] 35 Pa.C.S. § 780-113(a)(16).

*Former Justice specially assigned to the Superior Court.

possession of drug paraphernalia,[4] prohibited possession of a firearm,[5] carrying a firearm without a license,[6] carrying a firearm on a public street,[7] possessing an instrument of crime,[8] and receiving stolen property.[9]

A preliminary hearing was held on January 8, 2015 before Municipal Court Judge Jacquelyn Frazier-Lyde. At this hearing, the Commonwealth offered the testimony of three police officers who played a role in Lamas' arrest and the search of his residence.

Officer Joseph Guinan testified that a report of a male with a gun brought him to the 2900 block of Frankford Avenue around 9:40 p.m. on the night of October 3, 2014. At this time, he spotted Lamas walking down East Orleans Street towards Frankford Avenue. As Officer Guinan turned his marked vehicle onto East Orleans Street, he saw Lamas grab his waistband, turn away from the police cruiser, and begin hurriedly walking towards one of the residences on East Orleans Street. Officer Guinan and his partner,

_(Footnote Continued)_ ⸺⸺⸺⸺⸺

[3] 35 Pa.C.S. § 780-113(a)(31).

[4] 35 Pa.C.S. § 790-113(a)(32).

[5] 18 Pa.C.S. §6105(a)(1), (c)(2).

[6] 35 Pa.C.S. § 6106(a)(1).

[7] 35 Pa.C.S. § 6108.

[8] 18 Pa.C.S. § 907(b).

[9] 18 Pa.C.S. § 3925.

Officer Curtis Macy, exited their vehicle and pursued Lamas on foot, catching up with him just as he entered a residence at 2050 East Orleans Street and shut the door behind him. The officers knocked on the door for approximately five to ten seconds before Lamas opened it. At this time, Officers Guinan and Macy secured Lamas and searched his person, recovering $1,407.00.

Shortly thereafter, Officer Kevin Creely and Officer Cole arrived on the scene. While Officers Guinan and Macy restrained Lamas, Officer Creely entered 2050 East Orleans Street to search the property for a possible male with a gun. Upon entering the premises, Officer Creely smelled a strong odor of marijuana and spotted the butt of a handgun sticking out from underneath a sofa about six to eight feet to the left of the front door. Officer Creely also observed marijuana and paraphernalia in a shoebox on the dining room table and equipment for the cultivation of marijuana in the back upstairs bedroom.

Officer Michael Vargas of the drug strike force later executed a warrant to search the house for drugs. This search recovered the following items: three small bags of marijuana, a prescription pill bottle bearing another individual's name and containing 69 oxycodone pills, heat lamps and other equipment typically used for growing marijuana, and equipment and materials typically used to package heroin for sale. In the front upstairs bedroom, officers also recovered two letters addressed to Lamas at 2050 East Orleans Street and a Pennsylvania identification card issued to Lamas.

Officer Vargas searched the serial number of the recovered handgun in the FBI's National Crime Information Center computer database and discovered that it had been reported stolen from Bensalem, Pennsylvania on March 28, 2013. N.T. Preliminary Hearing, 1/8/15, at 22. The Commonwealth also presented as evidence the defendant's criminal extract showing a 2008 conviction for possessing a controlled substance with the intent to deliver.

After a preliminary hearing on January 8, 2015, Judge Frazier-Lyde held over all nine charges for trial. However, on February 16, 2015, Lamas filed a motion to quash five of the charges: possession of marijuana, possession of a firearm on a public street, possession of a firearm without a license, possession of an instrument of crime, and receipt of stolen property. Lamas argued that the Commonwealth had not presented sufficient evidence to charge him with possession of the handgun, drugs, and paraphernalia recovered from 2050 East Orleans Street.

After a hearing on April 16, 2015, Judge Harold Kane of the Philadelphia County Court of Common Pleas granted Lamas' motion with respect to these five charges and quashed the remaining four charges *sua sponte*. Because Judge Kane retired shortly thereafter, he did not write a trial court opinion.

The Commonwealth filed a timely notice of appeal from the court's order, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, the Commonwealth raises one issue for review:

Did the lower court err in quashing all charges where the evidence was sufficient to establish a prima facie case of possessing a stolen gun and drugs and possession with intent to deliver, where a gun, drugs and drug selling paraphernalia were found in a house into which defendant had fled from police, no one else was in the house, and mail and an identification card was found in the house in defendant's name at that address?

Appellant's Brief, at 1.

We examine this issue under the following standard of review: "It is settled that the evidentiary sufficiency, or lack thereof, of the Commonwealth's prima facie case for a charged crime is a question of law as to which an appellate court's review is plenary." *Commonwealth v. Karetny*, 880 A.2d 474, 513 (Pa. Super. 2003).

The Commonwealth contends that it presented sufficient evidence at the preliminary hearing to meet its burden of proving a prima facie case for all nine charges quashed by the trial court. Lamas, however, argues that the Commonwealth failed to present sufficient evidence that he constructively possessed the handgun, drugs, or drug paraphernalia. Initially, we note that,

[a]t the preliminary hearing stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a prima facie case of guilt. A prima facie case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. Furthermore, the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury.

*Karetny*, 880 A.2d at 513–14 (citations omitted).

The offense of carrying a firearm on the public streets of Philadelphia is defined in the Crimes Code as follows:

**§ 6108. Carrying firearms on public streets or public property in Philadelphia**

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S. § 6108. A conviction under this section requires only proof that the defendant was carrying a firearm on the public streets of Philadelphia. *Commonwealth v. Welton*, 465 A.2d 1043, 1050 (Pa. Super. 1983).

Lamas argues that the Commonwealth has not offered sufficient evidence to warrant the belief that Lamas possessed the recovered handgun on a public street. In support of this argument, Lamas points to Officer Guinan's testimony that he never saw a weapon in Lamas' hand and that no weapons were recovered on Lamas' person. N.T. Preliminary Hearing, 1/8/15, at 10. Lamas also argues that the evidence offered by the Commonwealth is insufficient to warrant a belief that Lamas constructively possessed the handgun. Appellee's Brief at 7. According to Lamas, other individuals had access to the residence and the handgun was concealed underneath a sofa at the time it was recovered. *Id.* at 7. As a result,

Lamas argues that the Commonwealth's evidence is insufficient to warrant a belief that he constructively possessed the handgun. ***Id.***

The Commonwealth, however, maintains that it produced "sufficient evidence at the preliminary hearing that defendant constructively possessed the gun." Commonwealth's Brief at 12. Officer Guinan testified that he was in the area responding to a report of a male with a gun. Upon seeing the marked police car, Lamas grabbed his waistband, turned away quickly, and ran into the residence. Lamas was in the residence for only five or ten seconds before he opened the door and was taken into custody. Officer Creely testified that, once inside the residence, he discovered the firearm sticking out from underneath a sofa, approximately six to eight feet from the front door. Officers also discovered mail in the house with Lamas' name, addressed to 2050 East Orleans Street. Based on this evidence, the Commonwealth maintains that there is sufficient evidence to support probable cause to warrant the belief that the recovered firearm was in Lamas' possession on the public streets of Philadelphia. In order to establish a prima facie case, "the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury." ***Karetny***, 180 A.2d at 514. In light of this standard, we agree with the Commonwealth that the court erred in quashing the charge of carrying a firearm on a public street in Philadelphia.

The offense of carrying a firearm without a license is defined, in relevant part, as follows:

**§ 6106. Firearms not to be carried without a license**

**(a) Offense defined.—**

> (1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a)(1). A conviction under this section requires the Commonwealth to prove: "(a) that the weapon was a firearm, (b) that the firearm was unlicensed, and (c) that where the firearm was concealed on or about the person, it was outside his home or place of business." *Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004) (citation omitted).

At the April 16, 2015 preliminary hearing, Lamas argued that the Commonwealth had not presented sufficient evidence to hold this charge over for trial. Lamas made no arguments regarding the first two elements of the charge. It is settled that the weapon was, in fact, a firearm and that Lamas did not possess a license to carry it. However, Lamas argues that, as with the section 6108 charge, the Commonwealth had not presented sufficient evidence that Lamas possessed the firearm at the time that Officers Guinan and Macy observed him on East Orleans Street.

The Commonwealth maintains that the officers' testimony is sufficient to support probable cause to warrant the belief that, at the time he was observed by Officers Guinan and Macy, Lamas was concealing the recovered

handgun in his waistband. In light of the standard for establishing a prima facie case, we agree that the Commonwealth has presented sufficient evidence to establish a prima facie charge under 18 Pa.C.S. § 6106(a)(1). *See Karetny*, *supra*.

The offense of person not to possess a firearm is defined, in relevant part, as follows:

> **§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**
>
> **(a) Offense defined.—**
>
>   (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.
>
>                    . . .
>
> **(c) Other persons.**
>
>                    . . .
>
>   (2) A person who has been convicted of an offense under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, that may be punishable by a term of imprisonment exceeding two years.

18 Pa.C.S. §§ 6105(a)(1), (c)(2). In order to establish a prima facie case under this section, the Commonwealth must prove that a person possessed a firearm and had a prior conviction for an offense listed in the statute

- 9 -

defining the offense. ***Commonwealth v. Williams***, 911 A.2d 548 (Pa. Super. 2006).

At the January 8, 2015 hearing, the Commonwealth presented a criminal extract showing Lamas' 2008 conviction for possessing a controlled substance with the intent to deliver. Because we have determined the Commonwealth presented sufficient evidence to warrant a belief that Lamas either actually or constructively possessed a firearm on October 3, 2014, the evidence regarding his prior drug conviction is sufficient to establish a prima facie charge under 18 Pa.C.S. §§ 6105(a)(1), (c)(2). ***See Karetny***, ***supra***.

The offense of possession of an instrument of a crime is defined, in relevant part, as follows:

> **§ 907. Possessing the instruments of a crime**
> . . .
>
> **(b)  Possession of weapon. —** A person commits a misdemeanor of the first degree if he possesses a firearm or other weapon concealed upon his person with intent to employ it criminally.

18 Pa.C.S. § 907(b). A conviction under this section requires proof that the defendant "possessed [the] gun under circumstances manifestly inappropriate for such lawful uses the gun may have had and with an intent to employ it criminally." ***Commonwealth v. Jeter***, 418 A.2d 625, 628 (Pa. Super. 1980).

As discussed above, the Commonwealth has presented sufficient evidence to support probable cause to warrant the belief that Lamas possessed the recovered firearm on the night of his arrest. In addition to

the firearm, Officer Vargas also recovered 69 oxycodone pills, multiple bags of marijuana, drug paraphernalia and packaging materials, as well as equipment used in the cultivation of marijuana. N.T. Preliminary Hearing, 1/8/15, at 22-23. The Commonwealth contends that this evidence is sufficient to establish that Lamas possessed the firearm in furtherance of his illegal drug activity. In light of the standard for establishing a prima facie case enunciated in **Karetny**, we agree that the Commonwealth has presented sufficient evidence to establish a prima facie charge under 18 Pa.C.S. § 907(b). **See Karetny**, **supra**.

The offense of intentional or knowing possession of a controlled substance is defined in The Controlled Substance, Drug, Device and Cosmetic Act (the Drug Act), as follows:

**§ 780-113.  Prohibited acts; penalties**

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

. . .

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 Pa.C.S. § 780-113(a)(16). The Commonwealth has the option to establish actual or constructive possession of the controlled substance. **Commonwealth v. Perez**, 931 A.2d 703 (Pa. Super. 2007). Constructive

possession is the ability to exercise conscious dominion over the illegal substance, the power to control it, and the intent to control it. ***Commonwealth v. Macolino***, 469 A.2d 132 (Pa. 1983). Constructive possession of contraband may be proven by circumstantial evidence, and the requisite knowledge and intent may be inferred from a totality of the circumstances. ***Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa. Super. 1996) (citations omitted).

Officer Vargas recovered a prescription bottle containing 69 oxycodone pills from in the living room of the residence. N.T. Preliminary Hearing, 1/8/2015, at 22. Lamas contends that, as a matter of law, there is insufficient evidence that he ever actually or constructively possessed the pills. Appellee's Brief at 7. Because none of the officers testified to observing Lamas in physical possession of the pill bottle, Lamas correctly argues that there is insufficient evidence to establish Lamas' actual possession of the Oxycodone. Lamas also argues that there is insufficient evidence that he constructively possessed the Oxycodone because the fact that the prescription bottle bears another individual's name proves that others besides Lamas had access to the residence. Appellee's Brief at 7.

The Commonwealth contends that it is not required to prove that Lamas was the only person with access to the residence in order to make out a prima facie charge against him for constructive possession of a controlled substance. Appellant's Brief at 13. In order to present a prima facie case that Lamas constructively possessed the Oxycodone, the

Commonwealth contends that it need only establish probable cause to warrant a belief that Lamas lived at the residence and that he had access to the specific area where the Oxycodone was found. *See Commonwealth v. Mudrick*, 507 A.2d 1212, 1213 (Pa. 1986) ("constructive possession may be found . . . if contraband is found in an area of joint control and equal access").

Officer Guinan testified that, on the night of October 3, 2014, Lamas retreated into the residence at 2050 East Orleans Street. Officers Guinan and Macy arrested Lamas inside this residence. Officer Vargas testified that Lamas' official state-issued identification card and two letters addressed to him at 2050 East Orleans Street were recovered from one of the upstairs bedrooms. Accordingly, the Commonwealth has presented sufficient evidence to establish a prima facie charge under 35 Pa.C.S. § 780-113(a)(b). *See Karetny*, 880 A.2d at 513-14.

The offense of possession of marijuana in The Drug Act as follows:

**§ 780-113. Prohibited acts; penalties**

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

. . .

(31) Notwithstanding other subsections of this section, (i) the possession of a small amount of marihuana only for personal use; (ii) the possession of a small amount of marihuana with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount of marihuana but not for sale.

For purposes of this subsection, thirty (30) grams of marihuana or eight (8) grams of hashish shall be considered a small amount of marihuana.

35 Pa.C.S. § 780-113(a)(31). As with the possession of a controlled substance charge, Lamas contends that he cannot be held for trial on the possession of marijuana charge because there is evidence that at least one other person had access to the house. Appellee's Brief at 6. The Commonwealth, on the other hand, argues that it has made out a prima facie case on the possession of marijuana charge regardless of whether another person had access to the house. Officer Vargas testified that he found three bags of marijuana in the house: two in the dining room and one in the kitchen. N.T. Preliminary Hearing, 1/8/15, at 22-23. The Commonwealth argues that Lamas resided at 2050 Orleans Street and had access to all of these areas. Therefore, under the applicable standard, the Commonwealth has established that Lamas can be held for trial on the possession of marijuana charge. *See Karetny*, *supra*.

The offense of possession of a controlled substance with the intent to deliver is defined in The Drug Act as follows:

**§ 780-113. Prohibited acts; penalties**

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

. . .

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate

> State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 Pa.C.S. § 780-113(a)(30). At the January 8, 2015 hearing, the Commonwealth conceded that it sought to bring the possession with intent to deliver charge only in regards to the marijuana and not the Oxycodone. N.T. Preliminary Hearing, 1/8/2015, at 33. At the April 16, 2015 hearing, Lamas seemed to argue that the relatively small amount of marijuana found on the property should support the conclusion of an absence of an intent to deliver. N.T. Preliminary Hearing, 4/16/2015, at 5. The Commonwealth, however, argued that the paraphernalia recovered in addition to the marijuana itself supports the charge. Officers recovered: "marijuana that [was] sealed in a bag next to a sealer, which seals up drugs," "packaging materials," "a scale," "grow equipment," and "stamps to stamp the product." N.T. Preliminary Hearing, 4/16/2015, at 8. The Commonwealth argues that these items "are all indicative of possession with intent to deliver." *Id.* We agree that the Commonwealth has presented sufficient evidence to establish a prima facie charge under section 780-113(a)(30). *See Karetny*, *supra*.

The offense of possession of drug paraphernalia is defined in the Health and Safety Code as follows:

**§ 780-113.  Prohibited acts; penalties**

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

. . .

   (32) The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating,

- 15 -

cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 Pa.C.S. § 780-113(a)(32). With regard to the paraphernalia charge, Lamas puts forth the same arguments regarding constructive possession as he did for the controlled substance and marijuana possession charges. The Commonwealth argues that Lamas constructively possessed all of the paraphernalia found in the residence. Officer Vargas testified that he found a digital scale, drug paraphernalia, and various materials used for packaging heroin in the shoebox on the dining room table. N.T. Preliminary Hearing, 1/8/15, at 23. Officer Vargas also found a packaging machine in the kitchen and marijuana cultivation equipment in the back bedroom on the second floor. *Id.* Accordingly, the Commonwealth has presented sufficient evidence to establish a prima facie charge under 35 Pa.C.S. § 780-113(a)(32). *See Karetny*, 880 A.2d at 513-14.

The offense of receiving stolen property is defined in the Crimes Code as follows:

### § 3925. Receiving stolen property

**(a) Offense defined.—**A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

**(b) Definition.—**As used in this section the word "receiving" means acquiring possession, control or title, or lending on the security of the property.

18 Pa.C.S. § 3925. A conviction under this section requires proof that the defendant possessed the stolen item and knew, or had reason to know, that the item was stolen. **Commonwealth v. Morrissey**, 654 A.2d 1049 (Pa. Super. 1995).

The Commonwealth presented Officer Vargas' testimony that the FBI's National Crime Information Center database indicated that the handgun recovered from Lamas' residence was stolen on March 28, 2015 from Bensalem, PA. N.T. Preliminary Hearing, 1/8/15, at 22. The Commonwealth contends that this evidence is sufficient to establish a prima facie charge against Lamas for receiving stolen property. Appellant's Brief at 15.

Lamas, however, contends that the Commonwealth has not produced sufficient evidence to establish the mens rea element of the charge of receiving stolen goods. Lamas argues that the eighteen-month period between the theft of the handgun and its discovery in Lamas' possession is too long to support an inference that Lamas had knowledge that the gun was stolen. N.T. Preliminary Hearing, 4/16/15, at 6. The Commonwealth offered no other evidence to establish the required mens rea element of the charge. Furthermore, the Commonwealth conceded that there was a lack of evidentiary support for the receiving stolen property charge at the April 16, 2015 hearing before Judge Harold Kane. N.T. Preliminary Hearing, 4/16/15, at 8. In order to establish a prima facie charge, the Commonwealth must produce "evidence of each of the material elements of the crime charged." **Karetny**, 850 A.2d. at 514. Because the Commonwealth has failed to

produce evidence of the required mens rea element of the crime of receiving stolen property, we agree with Lamas and affirm the trial court's quashal of the receiving stolen property charge.

In conclusion, we agree with the Commonwealth that the trial court erred in quashing eight of the nine charges against Lamas. It is apparent from the officers' preliminary hearing testimony that the Commonwealth has satisfied its burden of demonstrating a prima facie case against him. Accordingly, we vacate the trial court's order in part, affirm in part, and remand for trial.[10]

Order affirmed in part and vacated in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016

---

[10] Our decision to reverse the quashal of eight criminal charges does not preclude Lamas from challenging the search of his residence in subsequent proceedings nor does it express any opinion regarding the Commonweath's ability to establish beyond a reasonable doubt that Lamas committed the offenses charged.